UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELAILAH PEREZ; NEWBORN AND
HER TWO MINOR CHILDREN; SUSAN
SUAREZ,

                    Plaintiffs,

          -against-

ESSEX COUNTY, et al.,

                  Defendants.

1:20-CV-11050 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs, who reside in New York, New York, assert claims under the Court's federal-question and diversity subject-matter jurisdiction. Plaintiffs' claims arise from events that allegedly took place after Plaintiff Delailah Perez gave birth at University Hospital, in Newark, New Jersey. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and any other type of "entity with the capacity to sue and be sued . . . , if a defendant," resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that the defendants are all citizens of New Jersey (ECF 2, at 2), and that a substantial part of the events giving rise to Plaintiffs' claims took place in New Jersey. Because

Plaintiffs do not allege that a substantial part of the events or omissions giving rise to Plaintiffs'

claims arose in this district, venue is not proper in this court under § 1391(b). Because all the

defendants reside in New Jersey, and a substantial part of the events giving rise to Plaintiffs'

claims occurred in New Jersey, venue lies in the United States District Court for the District of

New Jersey, *see* 28 U.S.C. §§ 110, 1391(b)(1), (2), and this Court transfers this action to that

court, *see* 28 U.S.C. § 1406(a).

### CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service

on the docket. The Clerk of Court is further directed to transfer this action to the United States

District Court for the District of New Jersey. Whether Plaintiffs should be permitted to proceed

further without prepayment of fees is a determination to be made by the transferee court. A

summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 5, 2021
          New York, New York

_____
          COLLEEN McMAHON
          Chief United States District Judge

2